UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
THOMAS GESUALDI, LOUIS BISIGNANO, DARIN
JEFFERS, MICHAEL O'TOOLE, MICHAEL BOURGAL,
FRANK H. FINKEL, JOSEPH A. FERRARA, SR., MARC
HERBST, DENISE RICHARDSON, and THOMAS
CORBETT as Trustees and fiduciaries of the Local 282
Pension Trust Fund,

                               Plaintiffs,

                 -against-                                     **COMPLAINT**

DOVE MASON SUPPLY CO., INC., and                     Civil No. 19-CV-1181
JOHN DOE CORPORATIONS 1 THROUGH 10, and other
JOHN DOE ENTITIES 1 THROUGH 10, all whose true
names are unknown, constituting members of a controlled
group of corporations or business entities or trades or
businesses under common control with DOVE MASON
SUPPLY CO., INC.,

                               Defendants.
---------------------------------------------------------------------------x

      Plaintiffs Thomas Gesualdi, Louis Bisignano, Darin Jeffers, Michael O'Toole, Michael Bourgal, Frank H. Finkel, Joseph A. Ferrara, Sr., Marc Herbst, Denise Richardson, and Thomas Corbett (collectively "Trustees") as trustees and fiduciaries of the Local 282 Pension Trust Fund, for their Complaint against Dove Mason Supply Co., Inc., and John Doe Corporations 1 through 10, and other John Doe Entities 1 through 10, all whose true names are unknown, constituting members of a controlled group of corporations or business entities or trades or businesses under common control with Dove Mason Supply Co., Inc., allege as follows:

      1.      This is an action by the Trustees and fiduciaries of the 282 Pension Trust Fund to collect $114,340 withdrawal liability owed by Defendant Dove Mason Supply Co., Inc., and, pursuant to 26 U.S.C. §§ 414(b) and (c), John Doe Corporations 1 through 10, and other John Doe Entities 1 through 10, all whose true names are unknown, constituting members of a controlled group of corporations or business entities or trades or businesses under common

control with Dove Mason Supply Co., Inc., pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA")*,* as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1381, *et seq.* ("MPPAA"), which sum was determined to be due and owing as a result of the permanent cessation of Dove Mason Supply Co., Inc.'s obligation to contribute to the 282 Pension Trust Fund and cessation of operations on or about May 31, 2013.

2. According to Dove Mason Supply Co., Inc.'s Treasurer, Dove Mason Supply Co., Inc. was dissolved on or about December 31, 2013.

3. The New York State Division of Corporations web site lists Dove Mason Supply Co., Inc. dissolved as of May 27, 2014.

4. The Plaintiffs also seek to collect from Dove Mason Supply Co., Inc., and John Doe Corporations 1 through 10, and other John Doe Entities 1 through 10, interest, liquidated damages, attorneys' fees, costs, and other amounts becoming due during the pendency of this litigation.

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(f), and 1145, Section § 4301(c) of ERISA (29 U.S.C. § 1451(c)), and Section 301 of the LMRA, 29 U.S.C. § 185, since Dove Mason Supply Co., Inc.'s actions violated the collective bargaining agreement between Dove Mason Supply Co., Inc. and Local 282.

6. Venue lies in this Eastern District of New York pursuant to 29 U.S.C. § 1132(e)(2) and Section § 4301(c) of ERISA, 29 U.S.C. § 1451(c). Dove Mason Supply Co., Inc. has its offices in the Eastern District of New York and the 282 Pension Trust Fund is administered in the Eastern District of New York.

7. Plaintiffs are Trustees and fiduciaries of the 282 Pension Trust Fund within the meaning of 29 U.S.C. § 1002(21) (A), as they have discretion and control over the assets and administration of the 282 Pension Trust Fund.

8. The 282 Pension Trust Fund is an "employee benefit plan" and "multiemployer plan" within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and § 1002(37), with its principal place of business at 2500 Marcus Avenue, Lake Success, New York 11042.

9. The 282 Pension Trust Fund is jointly administered by a Board of Trustees, comprising an equal number of labor and management representatives in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

10. The 282 Pension Trust Fund was established pursuant to collective bargaining agreements between Building Material Teamsters Local 282, IBT, a labor organization representing workers in an industry affecting commerce, and various employers required to contribute to the 282 Pension Trust Fund (collectively "Employers") for their workers covered by the collective bargaining agreements.

11. The 282 Pension Trust Fund is maintained pursuant to the terms of the Amended and Restated Agreement and Declaration of Trust ("Trust Agreement"), for the purposes of collecting and receiving contributions from the Employers and providing benefits to eligible participants and their beneficiaries. The 282 Pension Trust Fund provides various pension, health and welfare, annuity, job training, vacation and sick leave, and legal services benefits to covered workers, retirees and their dependents.

12. The collective bargaining agreements and the Trust Agreement are plan documents within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The 282 Pension Trust Fund is third-party beneficiaries of the collective bargaining agreements.

13. Defendant, Dove Mason Supply Co., Inc., at all relevant times was, a domestic corporation authorized to do business in the State of New York with offices for doing business located at 899 Long Island Avenue, Deer Park, New York 11729.

14. Dove Mason Supply Co., Inc., upon information and belief, performed trucking work in the jurisdiction of Building Material Teamsters Local 282, IBT.

15. Dove Mason Supply Co., Inc. is, and has been, an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and Article I, Section 1 of the Trust Agreement.

16. Dove Mason Supply Co., Inc. is, and at all relevant times was party to, or otherwise bound to and by, a series of collective bargaining agreements with Building Material Teamsters Local 282, IBT ("Local 282") (hereinafter collectively the "CBAs").

17. Upon information and belief, John Doe Corporations 1 through 10 and John Doe Business Entities 1 through 10, are commonly controlled corporations, trades or businesses of Dove Mason Supply Co., Inc., as those terms are defined by 26 U.S.C. §§ 414(b) and (c).

18. The CBAs establish the terms and conditions of employment for all drivers who are employed by or provide work for the Dove Mason Supply Co., Inc. including outside truck hires and owner-drivers. The CBAs require contributions to the 282 Pension Trust Fund "for each hour worked" by a driver and includes contributions "for performance of work traditionally performed by Employees covered by" the CBAs.

19. The CBAs state Dove Mason Supply Co., Inc. is bound to the Trust Agreement governing the 282 Pension Trust Fund and incorporate the Trust Agreement by reference.

20. Specifically, Section 23(F) of the CBAs provide, in pertinent part, that the Trust Agreement is "made a part of this Agreement with the same force and effect as if fully incorporated herein, and the Employer…hereby agree(s) that upon the execution of this Agreement they shall be deemed [a party] to said Trust Agreement []."

21. The Trust Agreement (Article II, § 3) authorizes the Trustees to interpret the provisions and the terms used in the Trust Agreement and provides that any interpretation or construction adopted by the Trustees in good faith is binding upon the employers participating in the 282 Pension Trust Fund.

22. The CBAs, together with the Trust Agreement and 29 U.S.C. § 1145, require employers including Dove Mason Supply Co., Inc. to contribute to the 282 Pension Trust Fund for drivers who perform work covered by the CBAs, at specified rates for each hour of covered work, subject to certain limitations and premium payments set forth therein.

23. The CBAs and the Trust Agreement (Article IX, § 1) require Employers, including Dove Mason Supply Co., Inc., to submit detailed written reports ("remittance reports") and contributions to the 282 Pension Trust Fund, which identify those drivers who performed work covered by the CBAs, and to state the number of hours each driver engaged in covered work. The CBAs (Section 23(E)) and Trust Agreement require participating employers such as Dove Mason Supply Co., Inc. to submit remittance reports and contributions to the Funds no later than 45 days after the end of the month in which the work covered by the CBAs is performed.

24. The remittance reports are intended to be an employer's monthly statement and representation to the Plaintiffs of the number of hours of drivers' covered work. Employers are required to sign the remittance reports and certify that the information contained in the

remittance reports are accurate. The Funds rely on the remittance reports to determine the level of benefits, if any, that are to be provided to those drivers reported by an employer. The Funds relied on the remittance reports Dove Mason Supply Co., Inc. submitted to the Funds.

25. The last remittance report submitted by Dove Mason Supply Co., Inc. was February 25, 2014.

26. The last Dove Mason Supply Co., Inc. Funds contribution was May 28, 2013.

27. The Trust Agreement (Article IX, § 3) provides if an employer fails to remit contributions by the date due, the employer is liable to the Funds for: (i) The delinquent contributions; (ii) interest at the rate of 1.5% per month (18% per year) from the first day of the month when the payment was due through the date of payment;[1] (iii) an amount equal to the greater of: (a) interest on the unpaid contributions, or (b) liquidated damages in the form of 20 percent of the unpaid contributions; and (iv) the Funds' attorneys' fees and costs.

28. Article IX, Section 4 of the Trust Agreement and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), authorize the Trustees to bring actions to enforce an employer's obligations to the 282 Pension Trust Fund under the collective bargaining agreements with Local 282, including the obligation to make withdraw liability payments to the 282 Pension Trust Fund.

29. Article XI, Section 1(a) of the Trust Agreement provides: "An Employer that withdraws form the Pension Plan after April 28, 1980, in either a complete or partial withdrawal shall owe and pay withdrawal liability to the Plan as determined under this Article and [ERISA] and the Pension Protection Act of 2006."

---

[1] Pursuant to an Amendment to the Trust Agreement, effective May 1, 2013, interest is due on contributions "from the date when payment was due to the date when payment was made."

30. According to the 282 Pension Trust Fund's records, as of May 31, 2013, Dove Mason Supply Co., Inc. permanently ceased to have an obligation to remit contributions to the 282 Pension Trust Fund and ceased covered operations.

31. Pursuant to Section § 4203(a) of ERISA, 29 U.S.C. § 1383(a), such permanent cessation of all contributions to the 282 Pension Trust Fund and/or the cessation of covered operations constitutes a "complete withdrawal" from the 282 Pension Trust Fund.

32. On or about February 2, 2016, Dove Mason Supply Co., Inc. was sent an Initial Notice of Actual Withdrawal.

33. In accordance with Section § 4211 of ERISA, 29 U.S.C. § 1391, and the applicable provisions of the Trust Agreement, the 282 Pension Trust Fund calculated Dove Mason Supply Co., Inc.'s withdrawal liability to be $114,340.00.

34. By letter dated February 23, 2016, in accordance with Section § 4219(b)(1) of ERISA, 29 U.S. C. § 1399(b)(1), and Article XI, Section 5(c)(l) of the Trust Agreement, the 282 Pension Trust Fund sent Dove Mason Supply Co., Inc. a written Notice and Demand for Payment of Withdrawal Liability and informed Dove Mason Supply Co., Inc. that it could remit its $114,340.00 withdrawal liability in eighty-two (82) consecutive monthly installments of $1,714.03 per month, beginning April 1, 2016, plus a final payment of $202.55. The Notice and Demand also directed Dove Mason Supply Co., Inc. to Section § 4219 of ERISA, 29 U.S.C. § 1399 for a description of the rights Dove Mason Supply Co., Inc. might have in connection with the 282 Pension Trust Fund's assessment of withdrawal liability, including the statutory provisions that contain the time limits for challenging the assessment.

35. Dove Mason Supply Co., Inc. failed to remit the withdrawal liability installment payment by April 1, 2016.

36. As a result, the 282 Pension Trust Fund, on or about April 8, 2016 sent a Notice of Default demanding cure within sixty (60) days.

37. To date, Dove Mason Supply Co., Inc. has failed to make any payments of the withdrawal liability demanded, which remaining due and unpaid.

38. Pursuant to Section § 4201 of ERISA, 29 U.S.C. § 1381, Dove Mason Supply Co., Inc. is obligated to pay withdrawal liability to the 282 Pension Trust Fund for its proportionate share of the 282 Pension Trust Fund's unfunded vested benefits.

39. Dove Mason Supply Co., Inc. failed to challenge the 282 Pension Trust Fund's assessment of withdrawal liability.

40. Dove Mason Supply Co., Inc. never initiated arbitration regarding the withdrawal liability and the time to do so has expired.

41. Dove Mason Supply Co., Inc. failed to make the initial monthly payment of $1,714.03 due on April 1, 2016 or any other installment payment.

42. Dove Mason Supply Co., Inc. has failed to remit the initial monthly payment within sixty (60) days of the 282 Pension Trust Fund's April 8, 2016 Notice of Default

43. By failing to remit its monthly withdrawal liability payments within sixty (60) days of receiving notice of such failure, Dove Mason Supply Co., Inc. defaulted on its withdrawal liability obligations to the 282 Pension Trust Fund under the provisions of Section §4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), and Article XI, Section 5(d)(1)(C) of the Trust Agreement. Therefore, the entire outstanding balance of Dove Mason Supply Co., Inc.'s withdrawal liability in the amount of $114,340.00 is due and owing pursuant to Sections §§515, 4219(c)(5) and 4301(b) of ERISA, 29 U.S.C. §§ 1145, 1399(c)(5), and 1451(b).

44. Pursuant to 26 U.S.C. §§ 414(b) and (c), commonly controlled corporations or trades or businesses with Dove Mason Supply Co., Inc. are to be treated as a single corporation or trade or business for withdrawal liability purposes.

45. In accordance with Article XI, Section 5(d)(2) of the Trust Agreement and Sections §§ 502(g)(2)(B), 4219(c)(5) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(5) and 1451(b), and 29 C.F.R. § 419.32, Dove Mason Supply Co., Inc. is obligated to the 282 Pension Trust Fund for interest at the rate of 1.5% per month on the delinquent withdrawal liability payments from April 1, 2016 to the date judgment is entered.

46. In accordance with Article XI, Section 5(e) of the Trust Agreement and Sections §§ 502(g)(2)(C) and (D) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(C) and (D) and 1451(b), Dove Mason Supply Co., Inc. is obligated to the 282 Pension Trust Fund for liquidated damages equal to the greater of the amount of interest charged on the unpaid balance or liquidated damages equal to twenty percent (20%) of the unpaid amount awarded, plus the costs and attorneys' fees incurred in this action.

47. Additional amounts will become due and owing by Dove Mason Supply Co., Inc. to the 282 Pension Trust Fund during this action.

## FIRST CAUSE OF ACTION

48. Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint as if fully set forth herein.

49. Section 301(a) of the LMRA, 29 U.S.C. § 185(a), provides that:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the

parties.

50. Section 301(b) of the LMRA, 29 U.S.C. § 185(b), provides that "[a]ny labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents."

51. By failing to pay the withdrawal liability contributions and other amounts owing, Dove Mason Supply Co., Inc. and the John Doe Defendants have violated the CBAs and the Trust Agreement, which is incorporated into the CBAs.

52. By failing to timely pay the withdrawal liability contributions, including interest and liquidated damages on the late-paid contributions, Dove Mason Supply Co., Inc. and the John Doe Defendants violated the CBAs and the Trust Agreement, which is incorporated into the CBAs.

53. The Funds are thus entitled under the LMRA Section 301(a), as well as the CBAs and the Trust Agreement, to the full amount of withdrawal liability owed, interest and liquidated damages on the unpaid withdrawal liability contributions, and attorney's fees and costs.

### SECOND CAUSE OF ACTION

54. Plaintiffs repeat and reallege each allegation in Paragraphs 1 through 22 of the Complaint as if fully set forth herein.

55. Section 515 of ERISA, 29 U.S.C. § 1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement… [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

56. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides that a civil action may be brought "by a participant, beneficiary, or fiduciary: (A) To enjoin any act or practice which violates any provision of this title or the terms of the plan; or (B) to obtain other appropriate equitable relief; (i) to redress such violation; or (ii) to enforce any provision of this title or the terms of the plan."

57. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), mandates that, "[i]n any action bought by a fiduciary on behalf of a Plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:

    a. The unpaid contributions,
    b. interest on the unpaid contributions,
    c. an amount equal to the greater of-
        i. interest on the unpaid contributions, or
        ii. liquidated damages…in an amount not in excess of 20 percent of the [unpaid contributions],
    d. reasonable attorney's fees and costs of the action, to be paid by the defendant, and
    e. such other legal or equitable relief as the court deems appropriate…."

58. According to the Pension Fund's records, Dove Mason Supply Co., Inc. permanently ceased to have an obligation to remit contributions to the Pension Fund and/or ceased covered operations as of May 31, 2013.

59. Pursuant to Section 4203(a) of ERISA, 29 U.S.C. § 1383(a), such permanent cessation of all contributions to the Pension Fund and/or the cessation of covered operations constitutes a "complete withdrawal" from the Pension Fund.

60. Pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381, Dove Mason Supply Co., Inc. and the John Doe Defendants are commonly controlled business entities jointly and severally obligated to pay withdrawal liability to the Pension Fund for their proportionate share of the Pension Fund's unfunded vested benefits.

61. In accordance with Section 4211 of ERISA, 29 U.S.C. § 1391, and the applicable provisions of the Trust Agreement, the Pension Fund calculated Dove Mason Supply Co., Inc.'s withdrawal liability to currently be $114,340.00.

62. Dove Mason Supply Co., Inc. failed to challenge the Pension Fund's assessment of withdrawal liability via arbitration and the time to do so has expired.

63. Dove Mason Supply Co., Inc. failed to make the initial monthly payment of $1,714.03 due on April 1, 2016, defaulting on the withdrawal liability installment payment schedule.

64. The Pension Fund notified Dove Mason Supply Co., Inc. of its default by letter dated April 8, 2016, providing Dove Mason Supply Co., Inc. with 60 days to cure the withdrawal liability installment payment schedule default.

65. To date, Dove Mason Supply Co., Inc. has failed to remit any withdrawal liability payments.

66. By failing to remit their monthly withdrawal liability installment payments within sixty (60) days of receiving notice of such failure Dove Mason Supply Co., Inc. defaulted on its withdrawal liability obligations to the Pension Fund under the provisions of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), and Article XI, Section 5(d)(1)(C) of the Trust Agreement. Therefore, the entire outstanding balance of Dove Mason Supply Co., Inc.'s withdrawal liability in the amount of $114,340.00 is due and owing pursuant to Sections 515, 4219(c)(5) and 4301(b) of ERISA, [29 U.S.C. §§ 1145, 1399(c)(5), and 1451(b)].

67. Upon information and belief, the Joe Doe Defendants are control group employers with Dove Mason Supply Co., Inc., and jointly and severally liable with Dove Mason Supply Co., Inc. for payment of the withdrawal liability.

68. Dove Mason Supply Co., Inc. and John Doe Corporations 1 through 10 and John Doe Business Entities 1 through 10, commonly controlled corporations, trades or businesses of Dove Mason Supply Co., Inc., as those terms are defined by 26 U.S.C. §§ 414(b) and (c), failed to pay withdrawal liability in the amount of $114,340.00 to the 282 Pension Trust Fund.

69. This failure to pay constitute a failure to make contributions in accordance with the terms of the applicable CBAs, in violation of Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145 and MPPAA, giving rise to an action under § 502(a)(3) or ERISA, 29 U.S.C. § 1132(a)(3).

70. In accordance with Article XI, Section 5(d)(2) of the Trust Agreement and Sections 502(g)(2)(B), 4219(c)(5) and 4301(b) of ERISA [29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(5) and 1451(b)], and 29 C.F.R. § 419.32, Dove Mason Supply Co., Inc. and the John Doe Defendants are jointly and severally liable to the Pension Fund for interest at the rate of 1.5% per month on the delinquent withdrawal liability payments from April 1, 2016 to the date judgment is entered.

71. In accordance with Article XI, Section 5(e) of the Trust Agreement and Sections 502(g)(2)(C) and (D) and 4301(b) of ERISA [29 U.S.C. §§ 1132(g)(2)(C) and (D) and 1451(b)], Dove Mason Supply Co., Inc. and the John Doe Defendants are jointly and severally obligated to the Pension Fund for liquidated damages equal to the greater of the amount of interest charged on the unpaid balance or liquidated damages equal to twenty percent (20%) of the unpaid amount awarded, plus the costs and attorneys' fees incurred in this action.

72. Because of the foregoing, the Plaintiffs are entitled to judgment in an amount to be determined at trial against Dove Mason Supply Co., Inc. and the John Doe Defendants, jointly

and severally, but in no event less than $114,340.00, plus interest, liquidated damages, and attorneys fees and costs.

73. No prior request for the instant relief has been made in this or any Court.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs' respectfully request the Court enter judgment:

a. Declaring Dove Mason Supply Co., Inc., in breach of the CBAs and finding Dove Mason Supply Co., Inc. liable to the 282 Pension Trust Fund for $114,340.00 withdrawal liability, plus interest, liquidated damages, attorneys' fees, costs, disbursements, and such other damages available under 29 U.S.C. Section 1132 and the Trust and collective bargaining agreements between Dove Mason Supply Co., Inc. and Building Material Teamsters Local 282, IBT and under MPPAA.

b. Declaring John Doe Corporations 1 through 10 and John Doe Business Entities 1 through 10, to be commonly controlled corporations, trades or businesses of Dove Mason Supply Co., Inc., as those terms are defined by 26 U.S.C. §§ 414(b) and (c), and jointly and severally liable with Dove Mason Supply Co., Inc. to the 282 Pension Trust Fund for $114,340.00 withdrawal liability, plus statutory and contractual interest, liquidated damages, and reasonable attorneys' fees and costs, including the costs of collecting the delinquencies, as set forth in Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), the Trust Agreement, and under MPPAA, and

c. such other legal or equitable relief the Court deems proper.

White Plains, New York
February 27, 2019

                                              TRIVELLA & FORTE, LLP

                                              _*/s/ Christopher A. Smith*_____
                                              By: Christopher A. Smith, Of Counsel
                                              *Attorneys for the Plaintiffs*
                                              1311 Mamaroneck Avenue, Suite 170
                                              White Plains, New York 10605
                                              (914) 949-9075
                                              Facsimile: (914) 949-4752

Page 15 of 15.